IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| FRANCIS McDONAGH<br>222 W Central Ave<br>Pearl River, NY 10965<br><br>individually and on behalf of other<br>similarly situated individuals,<br><br>PLAINTIFFS,<br><br>v.<br><br>GEICO General Insurance Company<br>5260 Western Ave.<br>Chevy Chase, MD 20815<br>(Montgomery County)<br><br>Government Employees Insurance Company<br>5260 Western Ave.<br>Chevy Chase, MD 20815<br>(Montgomery County)<br><br>DEFENDANTS. | Civil Action No.:<br><br>CLASS ACTION AND<br>COLLECTIVE ACTION COMPLAINT<br>(JURY TRIAL DEMANDED) |

Plaintiff Francis "Frank" McDonagh (hereinafter "Plaintiff" or "Plaintiff McDonagh"), individually and on behalf of other similarly situated individuals and on behalf of putative class members who worked in the State of New York, for his Complaint against Defendants GEICO General Insurance Company and Government Employees Insurance Company (collectively referred to herein as "Defendants"), states as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action brought by named Plaintiff Francis "Frank" McDonagh for unpaid overtime wages on behalf of himself and on behalf of the proposed class identified below. Plaintiff and the putative class members were or are employed by Defendants, or their

predecessors-in-interest, as Senior Security Investigators, Lead Security Investigators or some similar title ("Security Investigators"). As Security Investigators, Plaintiff and the putative class members are or were covered, non-exempt employees under federal wage and hour laws, and are entitled to overtime pay consistent with the requirements of these laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The Collective Class is made of all persons who are or have been employed by Defendants as Security Investigators at any time within the United States (exclusive of California) within three years prior to this action's filing date, through the date of disposition of this action ("the Collective Class Period").

3. During the Collective Class Period, Defendants failed to pay appropriate compensation, including overtime compensation, to each member of the Collective Class as required by federal law. Plaintiff McDonagh seeks relief for the Collective Class under the Fair Labor Standards Act. All of the relief sought is to remedy Defendants' failure to pay all wages due, to pay appropriate overtime compensation, and to maintain accurate time records, in addition to injunctive relief.

4. This is also a class action brought by Plaintiff McDonagh under the laws of New York on behalf of himself and all other similarly situated individuals who are or have been employed by Defendants as Security Investigators or other job titles performing substantially similar job duties as Plaintiff, who worked in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law, Article 19 §§ 650, et seq., and the supporting New York State Department of Labor regulations (together, "NYLL"). As Security Investigators, the New York Representative Plaintiff and the putative

class members in New York are or were covered, non-exempt employees under state wage and hour laws, and are entitled to overtime pay consistent with the requirements of these laws.

5. For at least six years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of the FLSA and New York state laws by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one half times their regular rate of pay.

**PARTIES**

6. Individual and representative Plaintiff McDonagh resides in Rockland County, New York. Upon information and belief, Plaintiff McDonagh was employed by Defendants from approximately April, 2001 to May, 2016 as a Security Investigator covering the area surrounding and including Manhattan, Bronx, Westchester, Rockland and Orange Counties, New York. Plaintiff McDonagh brings his claim on behalf of himself and the Collective Class.

7. Plaintiff McDonagh also brings his claim on behalf of himself and the New York Rule 23 Class. He regularly worked hours in excess of forty per week and did not receive the proper overtime compensation for all hours worked. Plaintiff McDonagh seeks to recover, among other things, unpaid overtime compensation on behalf of himself and the New York Rule 23 Class under the applicable New York state wage and hour laws.

8. Upon information and belief, Defendant GEICO General Insurance Company ("GEICO General") is a domestic corporation, and an affiliate or subsidiary of Defendant GEICO Corporation. Upon information and belief, GEICO General's headquarters are in Montgomery County, Maryland and it does business and maintains offices in states throughout the United States including the State of New York.

9.      Upon information and belief, Defendant Government Employees Insurance Company ("GEICO") is a domestic corporation, and an affiliate or subsidiary of Defendant GEICO Corporation.  Upon information and belief, GEICO's headquarters are in Montgomery County, Maryland and it does business and maintains offices in states throughout the United States including the State of New York.

10.     Plaintiff and the similarly situated employees are individuals who were, or are, employed by Defendants as Senior Security Investigators, Lead Security Investigators, or some similar title, working on insurance claims that involve potentially questionable, suspect, or fraudulent activity brought pursuant to policies of insurance owned and/or maintained by Defendants.  Plaintiff and the Collective Class and the New York Rule 23 Class gathered and reported facts acquired during their investigations and reported such facts pursuant to Defendants' policies and guidelines to other claims personnel who, on information and belief, made all significant decisions regarding the claims.

## JURISDICTION

11.     This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action is being brought under the FLSA, 29 U.S.C. § 207 et seq.  Plaintiff McDonagh has signed a consent form to join this lawsuit, attached hereto as **Exhibit A**.  Other similarly situated individuals have also signed a consent form to join this lawsuit, attached hereto as **Exhibit B**.

12.     Venue is proper in the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. § 1391, because Defendants individually or through affiliates maintain their principal places of business in the District of Maryland, conduct business

4

in such District, and a substantial part of the events giving rise to the claims occurred in this District.

13. In addition, this Court has supplemental jurisdiction over the New York state law wage and hour claims brought herein pursuant to 28 U.S.C. § 1367 as those claims derive from a common nucleus of operative fact.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff McDonagh brings this action on behalf of himself and other employees similarly situated as authorized under FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class**: All persons who are or have been employed by Defendants with the job title of "Senior Security Investigator", "Lead Security Investigator"; or some similar title, who were classified as exempt, and therefore denied overtime compensation as required by federal wage and hour laws, at any time within the United States (exclusive of California) within three years prior to this action's filing date through December, 2016.

15. Upon information and belief, Defendants suffered and permitted Plaintiff McDonagh and the Collective Class to work more than forty hours per week without overtime compensation.

16. Defendants' unlawful conduct has been widespread, repeated and consistent.

17. Defendants knew that Plaintiff McDonagh and the Collective Class performed work that required overtime pay.

18. This Court issued a Memorandum and Order Granting Plaintiffs' Motion for Partial Summary Judgment in <u>Calderon, et al v. GEICO General Insurance Company, et al.</u>, Civil Case No. RWT 10-1958, 2012 WL 6889800 (D. Md. Nov. 29, 2012) (Titus, J.) finding that

Security Investigators working for Defendants, similar to Plaintiff McDonagh and the Collective Class in this action, were misclassified as exempt employees.

19. This Court entered a Findings of Fact and Conclusion of Law and Stipulated Order Relating to Remedy in the <u>Calderon, et al v. GEICO General Insurance Company, et al.</u> on August 28, 2013 (ECF Nos. 117, 118). Defendants appealed to the Fourth Circuit Court of Appeals the district court order granting partial summary judgment against them on the issue of liability and Plaintiff filed a cross-appeal on an order granting partial summary judgment against them on several issues relating to the remedy to be awarded. On June 6, 2014, the Fourth Circuit dismissed both appeals concluding that the appeals were interlocutory and that the Court lacked jurisdiction to consider the appeals until a final judgment had been entered.

20. This Court entered Final Judgment in the <u>Calderon, et al v. GEICO General Insurance Company, et al.</u> matter on October 9, 2014 (ECF No. 137). Defendants appealed to the Fourth Circuit Court of Appeals the district court order granting partial summary judgment against them on the issue of liability and Plaintiff filed a cross-appeal on an order granting partial summary judgment against them on several issues relating to the remedy to be awarded. The Fourth Circuit affirmed the district court's liability determination on December 23, 2015.

21. Defendants in the <u>Calderon, et al v. GEICO General Insurance Company, et al.</u> matter petitioned for a writ of certiorari to the U.S. Supreme Court, which was denied on October 4, 2016.

22. The <u>Calderon, et al v. GEICO General Insurance Company, et al.</u> matter was resolved between the parties and an Order of Dismissal with Prejudice was entered on November 23, 2016.

23. On February 28, 2013, Plaintiff John A. "Tony" Vetter, Sr., individually and on behalf of other similarly situated individuals who were employed by Defendants as Security Investigators at any time in the preceding three years within the United States (exclusive of California and those who had joined the related <u>Calderon, et al v. GEICO General Insurance Company, et al.</u> matter), brought a Collective Action Complaint against Defendants GEICO General Insurance Company and Government Employees Insurance Company. Plaintiff alleged that Defendants failed to pay appropriate compensation, including overtime compensation, to each member of the Collective Class as required by federal law.

24. On September 25, 2013, this Court in <u>Vetter, et al. v. GEICO General Insurance Company, et al.</u>, Civil Case No.: 8:13-cv-00642 RWT (D. Md.) conditionally certified plaintiffs and ordered that the notice period for putative class members to join the case was 90 days from the date of mailing notice and that the case was to be stayed in all other respects pending the outcome in <u>Calderon</u>.

25. The Notice Period in <u>Vetter</u> ended on January 8, 2014. Since that time, additional individuals have sought to join the <u>Vetter</u> matter. On December 16, 2016, Defendants advised Plaintiffs' counsel that Defendants would object to any further Plaintiff consent forms filed with the Court.

26. Upon information and belief, from January 2014 through approximately December, 2016, Plaintiff McDonagh and the Collective Class were classified as exempt. This policy is inconsistent with the <u>Calderon</u> Orders referenced above.

27. Defendants have been, or should have been, on notice that the primary duties of Plaintiff McDonagh and the Collective Class do not allow for Defendants to classify them as exempt from the requirements of the FLSA.

28. Defendant's conduct was willful and in bad faith, and has caused significant damages to Plaintiff McDonagh and the Collective Class.

29. Defendants are liable under the FLSA for failing to properly compensate Plaintiff McDonagh and the Collective Class, and as such, notice should be sent to the Collective Class. Upon information and belief, there are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## **NEW YORK CLASS ALLEGATIONS**

30. Plaintiff McDonagh also brings New York state wage and hour claims on behalf of himself and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The New York Rule 23 Class is defined as

> **New York Rule 23 Class**: "all persons who work or worked for Defendants as Senior Security Investigators, Lead Security Investigators or some similar title ("Security Investigators") in the State of New York at any time from six years prior to the filing of this complaint until December 2016. With respect to the time period prior to October 10, 2014, this class definition does not include those individuals who were members of the Calderon v. GEICO et al., Case No. 8:10-cv-01958 RWT (D. Md.) New York Rule 23 Class." (the "New York Rule 23 Class" and "New York Class Period" respectively).

31. The persons in the New York Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, Defendants have employed at least eighty (80) persons who satisfy the definition of the New York Class.

32. There are questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members of the New York Rule 23 Class, including but not limited to:

8

a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of New York Labor Law, New York Labor Law Article 6 §§ 190 et seq., the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142;

b. Whether the New York Representative Plaintiff and the New York Rule 23 Class are non-exempt employees and are due overtime compensation for hours worked under the pay requirements of New York Law;

c. Whether Defendants employed Plaintiff and the New York Rule 23 Class within the meaning of the New York Labor Law;

d. Whether Defendants failed to keep accurate time records for all hours worked by Plaintiff and the New York Rule 23 Class;

e. Whether Defendants failed to keep accurate time records for all hours worked by Plaintiff and the New York Rule 23 Class; and

f. Whether Defendants should be enjoined from such violations in the future.

33. Plaintiff's claims are typical of those of the New York Rule 23 Class. Plaintiff, like other members of the New York Rule 23 Class, were subjected to Defendants' policy and practice of refusing to pay overtime compensation in violation of New York law. Plaintiff's job duties as a Security Investigator were typical of those other New York Rule 23 Class members who were or are employed by Defendants as Security Investigators.

34. Plaintiff will fairly and adequately protect the interests of the New York Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

36. Class certification of the Second Cause of Action is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief. The New York Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

37. Class certification of the Second Cause of Action is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Rule 23 Class overtime pay to which they are entitled. The damages suffered by the individual New York Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38. Defendants' unlawful conduct has been widespread, repeated and consistent.

39. Upon information and believe, Defendants knew that Plaintiff and the New York Rule 23 Class performed work that required overtime pay.

40. Upon information and belief, Defendants have been, or should have been, on notice that the primary duties of Plaintiff and the New York Rule 23 Class do not allow for Defendants to classify them as exempt from the requirements of New York law.

41. Defendants' conduct was willful and in bad faith, and has caused significant damages to Plaintiff and the New York Rule 23 Class.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime Compensation in Violation of the
Fair Labor Standards Act
(On Behalf of the FLSA Collective Class)**

42. Plaintiff McDonagh, on behalf of himself and the Collective Class, allege and incorporate by reference the allegations in the preceding paragraphs.

43. Plaintiff McDonagh consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff McDonagh's written consent form is attached to the hereto as **Exhibit A**. Plaintiff McDonagh anticipates that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

44. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed Plaintiff McDonagh and the Collective Class.

45. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

46. During their employment with Defendants, within the applicable statutory period, Plaintiff McDonagh and the other Collective Class members worked in excess of forty (40) hours

per week.  Despite the hours worked by Plaintiff McDonagh and the Collective Class members, Defendants willfully, in bad faith, and in knowing or reckless violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked as well as those in excess of forty per week.

47. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff McDonagh and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine such employees' wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).  Plaintiff McDonagh, on behalf of himself and the Collective Class, seeks damages in the amount of their respective unpaid compensation, including overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

49. Plaintiff McDonagh, on behalf of himself and the Collective Class, seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Compensation in Violation of New York Labor Law
Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. Part 142
(On Behalf of the New York Rule 23 Class)**

50. Plaintiff McDonagh and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

51. At all times relevant to this action, Plaintiff and the New York Rule 23 Class were employed by Defendants within the meaning of New York Labor Law, Article 19.

52. By the course of conduct set forth above, Defendants have violated the New York Labor Law Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, "New York Labor Laws").

53. New York Labor Law requires an employer, such as Defendants to pay overtime compensation to all non-exempt employees. The New York Labor Law also requires an employer to pay employees for all hours worked at the agreed upon rate of pay.

54. Defendants have had a policy and practice of failing and refusing to pay the proper overtime pay to Plaintiff McDonagh and to the New York Rule 23 Class for their hours worked.

55. As a result of Defendants' failure to pay wages earned and due, and its decision to withhold wages earned and due to Plaintiff and the New York Rule 23 Class, Defendants have violated and continue to violate the New York Labor Law.

56. Defendants' conduct was willful and in bad faith.

57. Plaintiff McDonagh on behalf of himself and the New York Rule 23 Class, seek the amount of their underpayments based on Defendants' failure to pay one and one half times the regular rate of pay for work performed in excess of forty per week as provided by the New York Labor Law, liquidated damages, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper. Plaintiff McDonagh on behalf of himself and the New York Rule 23 Class, seek recovery of attorneys' fees and costs to be paid by Defendants as provided by the New York Labor Law.

## PRAYER FOR RELIEF

58. WHEREFORE, Plaintiff McDonagh, on behalf of himself and all employees similarly situated who join in this action prays for the following relief:

a. Designation of this action as a collective action on behalf of the FLSA Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. That Defendants are found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

c. Judgment against Defendants for an amount equal to Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

d. That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

e. That Defendants' violations as described above are found to be willful;

f. An award to Plaintiff McDonagh and the Collective Class for the amount of unpaid wages owed, liquidated damages and penalties where provided by federal law, and interest thereon, subject to proof at trial;

g. For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

h. An award of pre-judgment and post-judgment interest as provided by law;

i. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

j. Leave to amend to add claims under applicable state laws; and

k. For such further relief as the Court deems just and equitable.

59. WHEREFORE, Plaintiff McDonagh, on behalf of himself and all members of the New York Rule 23 Class he represents, prays for the following relief:

a. Certification of this action as a class action on behalf of the New York Rule 23 Class;

b.  Appointment of Plaintiff as the class representative for the New York Rule 23 Class and appointment of his counsel as Class Counsel;

c.  A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

d.  Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

e.  Appropriate statutory penalties;

f.  An award of damages, liquidated damages, and restitution to be paid by Defendants according to proof;

g.  Pre-judgment and post-judgment interest, as provided by law;

h.  Attorneys' fees and costs of suit, including expert fees; and

i.  Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: February 10, 2017

/s/

**THE LAW OFFICES OF GARY M. GILBERT & ASSOCIATES, P.C.**
Daniel A. Katz, Bar No. 13026
Lucy B. Bansal, Bar No. 06639
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Telephone (301) 608-0880
Facsimile (301 608-0881
dkatz@ggilbertlaw.com
lbansal@ggilbertlaw.com

**NICHOLS KASTER, PLLP**
Matthew H. Morgan, MN State Bar No. 304657
  (*pro hac vice* application forthcoming)
Reena I. Desai, MN State Bar No. 0388311
  (*pro hac vice* application forthcoming)
4600 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Facsimile (612) 215-6870
morgan@nka.com
rdesai@nka.com

ATTORNEYS FOR PLAINTIFF, THE PROPOSED FLSA COLLECTIVE AND PROPOSED RULE 23 CLASS